# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| APRIL M. YOUNG, an individual, | |
| Plaintiff, | Case No. 2:10-cv-01846-KJD-LRL |
| v. | **ORDER** |
| ANDREA BOGGS, an individual; PARDEE HOMES OF NEVEDA, a Domestic Corporation; WEYERHAEUSER COMPANY, a Foreign Corporation; DOES 1-10, and ROE Corporations A through Z, | |
| Defendants. | |

Presently before the Court is Defendants' Motion to Dismiss (#4). Plaintiff filed a response in opposition (#8) to which Defendants replied (#10).

**I. Background**

Plaintiff's former employer, Defendant Pardee Homes ("Pardee"), terminated Plaintiff on December 30, 2006. (#8-1). On August 27, 2007, two-hundred forty (240) days after her termination, Plaintiff filed a complaint with the EEOC requesting a discrimination charge be filed against Pardee. On September 8, 2010, Plaintiff filed the Amended Complaint (#1-1) against Pardee, Pardee's parent company, Weyerhaeuser Company ("Weyerhaeuser"), and her former manager at Pardee, Andrea Boggs ("Boggs") (collectively "Defendants"). Plaintiff asserts race and age

discrimination and retaliation in violation of: NRS 14.065; NRS 613.330; 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-2; and 29 U.S.C. § 623(a) of the Age Discrimination in Employment Act ("ADEA").  Defendant has moved to dismiss: (1) all the state law claims; (2) the Title VII, ADEA, and Nevada state law claims against Boggs; and (3) the Title VII, ADEA, and Nevada state law claims against Weyerhaeuser.

**II. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level." Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief. Id. at 1950.  A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the

claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint must be dismissed.  Twombly, 550 U.S. at 570.

### A.  Nevada State Law Claims

Defendants have moved to dismiss Plaintiff's state law claims on the grounds that Plaintiff did not file a charge with the Nevada Equal Rights Commission ("NERC") within the one-hundred eighty (180) day deadline required by NRS 613.430 and therefore did not exhaust her administrative remedies.  Plaintiff contends that she filed her charge with the Equal Employment Opportunity Commission ("EEOC") within the three-hundred (300) day EEOC deadline and therefore she constructively filed with NERC by the required deadline.

"[A] charge filed with the EEOC is 'constructively filed' with the state agency either on the same day that the charge was filed with the EEOC or on the day the EEOC refers the complaint to the state agency."  Peterson v. State of California, 319 Fed.Appx. 679 (9th Cir. 2009); citing EEOC v. Commercial Office Products Co., 486 U.S. 107, 112-113 (1988).  NRS 613.430 requires plaintiffs who wish to bring lawsuits under Nevada's unfair employment practice laws to file charges with NERC within 180 days after the alleged discriminatory or retaliatory act.  This 180 day deadline is not expanded even though Nevada has a work sharing agreement with the EEOC that lengthens the deadline to file with the EEOC to 300 days.  Kora v. Renown Health, 2010 WL 2609049, *3 (D.Nev. 2010).  Federal EEOC deadlines do not affect state law deadlines.  Id.

Here, Plaintiff filed her charges with the EEOC two-hundred forty (240) days after the alleged discriminatory or retaliatory act.  Therefore, even though her filing with the EEOC was constructively filed with NERC, it was filed sixty (60) days past the Nevada deadline.

Plaintiff further contends that NRS 233.160(1)(b) provides a three-hundred (300) day statute of limitations to file with NERC.  However, NRS 233.160(1)(b) does not apply to claims in which the Plaintiff seeks to file a court action.  Rather it only applies to claims which will be investigated and pursued by NERC.  Plaintiff never filed a claim with NERC nor did she pursue any of the NERC remedies detailed in NRS 233.160.  Therefore, NRS 233.160 does not apply.  The applicable statute

is NRS 613.430 and its one-hundred eighty (180) day deadline applies here.  Accordingly, Plainitff's state law claims are dismissed.

### B.  Title VII, ADEA, and Nevada State Law Claims, Against Boggs

Defendants have also moved to dismiss Plaintiff's Title VII, ADEA, and Nevada state law claims against Boggs on the basis that there is no individual liability under those statutes.  Plaintiff agrees that Boggs is not a proper party for the Title VII or Nevada state law claims, but contends that Boggs is a proper party for the 42 U.S.C. § 1981 claim.  Defendants do not dispute the 42 U.S.C. § 1981 claim.  Therefore, because there is no opposition to the dismissal of the Title VII, ADEA, and Nevada state law claims against Boggs, the Court dismisses those claims.

### C.  Title VII, ADEA, and Nevada State Law Claims, Against Weyerhaeuser

Defendants have also moved to dismiss Plaintiff's Title VII, ADEA, and Nevada state law claims against Weyerhaeuser on the basis that Weyerhaeuser was not named in the EEOC filing and therefore not given the required notice of the charges.  Plaintiff contends that Weyerhaeuser and Pardee are integrated enterprises and thus because Pardee was named in the EEOC filing, Weyerhaeuser should have anticipated it would be named in this action.

If a defendant who was not named in the EEOC filing "should have anticipated" that it would be named in the subsequent suit, the Court has jurisdiction over that defendant.  EEOC v. National Education Association, Alaska, 422 F.3d 840, 847 (9th Cir. 2005).  However, a parent company should not necessarily anticipate it will be named in a suit against its subsidiary because, "[i]t is a general principle of corporate law deeply 'ingrained in our economic and legal systems' that a parent corporation . . . is not liable for the acts of its subsidiaries."  U.S. v. Bestfoods, 524 U.S. 51, 61 (1998), (quoting  Douglas & Shanks, Insulation from Liability Through Subsidiary Corporations, 39 Yale L.J. 193 (1929)).  But, if a parents and subsidiary are integrated enterprises, the parent is liable for charges against the subsidiary and thus should anticipate it will be named in the suit.  EEOC Compliance Manual, § 2 Threshold Issues (2000), Covered Entities (b)(1)(a)(iii)(a).   The Court looks to four factors to determine if a parent and subsidiary are integrated enterprises:  "(1)

4

interrelation of operations; (2) common management; (3) centralized control of labor relations; and (4) common ownership or financial control." Kang v. U. Lim America, Inc., 296 F.3d 810, 815 (9th Cir. 2002) (quoting Childs v. Local 18, Int'l Bhd. of Elec. Workers, 719 F.2d 1379, 1382 (9th Cir.1983).

Here, Plaintiff states in her Response in Opposition (#8) that Weyerhaeuser and Pardee are integrated enterprises because, Weyerhaeuser set terms and conditions for hiring, performance evaluations, promotions, terminations, and benefits and it paid salary. These allegations all weigh in favor of indicating that Weyerhaeuser and Pardee are integrated enterprises. See Kang, 296 F.2d at 815. However, the only fact regarding the entities' relationship alleged in the Amended Complaint (#1-1) is that Weyerhaeuser is Pardee's parent company. The mere fact that Weyerhaeuser is Pardee's parent company is not a sufficient factual allegation to indicate that the two entities are also integrated enterprises. Therefore, based on the Amended Complaint's allegations regarding the entities relationship, it is only speculative that Weyerhaeuser should have anticipated being named in the present suit. Accordingly, the Motion to Dismiss (#4) is granted with leave to amend within fourteen (14) days.

**IV. Conclusion**

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#4) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file a second amended complaint within fourteen (14) days.

DATED this 11th day of July 2011.

_____
Kent J. Dawson
United States District Judge