1
2
3
4
5
6
7
8
9

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

10   APRIL M. YOUNG,

11          Plaintiff,                          Case No. 2:10-CV-01846-KJD-LRL

12   v.                                         **ORDER**

13   ANDREA BOGGS, *et al.*,

14          Defendants.

15

16          Presently before the Court is Defendant Weyerhaeuser Company's Motion to Dismiss (#22).

17   Plaintiff filed a response in opposition (#28) to which Weyerhaeuser replied (#29).

18   **I. Background**

19          Plaintiff's former employer, Defendant Pardee Homes ("Pardee"), terminated Plaintiff on

20   December 30, 2006.  (#18).   On August 27, 2007, two-hundred forty (240) days after her

21   termination, Plaintiff filed a complaint with the Equal Employment Opportunity Commission

22   ("EEOC") requesting a discrimination charge be filed against Pardee.  Attached to the EEOC Intake

23   Questionnaire was a nine (9) page statement by Young detailing the facts that she relied on.  In the

24   opening paragraph of the attachment, Plaintiff stated: "Pardee Homes and ultimately Weyerhaeuser

25   Company should be held liable for racial discrimination against me in violation of Title VII of the

26   Civil Rights Act of 1964."  On August 3, 2011, Plaintiff filed her Third Amended Complaint (#18)

against Pardee, Pardee's parent company, Weyerhaeuser Company ("Weyerhaeuser"), and her former manager at Pardee, Andrea Boggs ("Boggs") (collectively "Defendants").  Plaintiff asserts race and age discrimination and retaliation in violation of: 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-2; and 29 U.S.C. § 623(a) of the Age Discrimination in Employment Act ("ADEA").  Defendant Weyerhaeuser has now moved to dismiss all claims against it asserting that Plaintiff failed to exhaust her administrative remedies against it

**II. Motion to Dismiss**

Pursuant to Fed. R. Civ. P. 12(b)(6), a court may dismiss a Plaintiff's complaint for "failure to state a claim upon which relief can be granted."  A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)).  "Factual allegations must be enough to rise above the speculative level."  Twombly, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (internal citation omitted).

In Iqbal, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the Court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.  Id. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  Id. at 1949.  Second, the Court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  Id. at 1950.  A claim is facially plausible when the Plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  Id. at 1949.  Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not

1  shown—that the pleader is entitled to relief." Id. (internal quotation marks omitted).  When the

2  claims in a complaint have not crossed the line from conceivable to plausible, Plaintiff's complaint

3  must be dismissed.  Twombly, 550 U.S. at 570.

4  **III.  Analysis**

5        Before bringing a suit for unlawful discrimination, a plaintiff must have first filed a charge

6  alleging unlawful discrimination with the EEOC.  See 29 U.S.C. § 626(d); Federal Exp. Corp. v.

7  Holowecki, 552 U.S. 389, 395 (2008); EEOC v. Nat'l Educ. Assoc. Alaska, 422 F.3d 840, 847 (9th

8  Cir. 2005).  In Holowecki, the Supreme Court held that:

9          "[in] addition to the information required by the regulations, i.e., an allegation and
           the name of the charged party, if a filing is to be deemed a charge it must be
10         reasonably construed as a request for the agency to take remedial action to protect the
           employee's rights or otherwise settle a dispute between the employer and the
11         employee.

12  Holowecki,  552 U.S. at 402.  Defendant Weyerhaeuser asserts that Plaintiff's charge of

13  discrimination is insufficient to establish that it should have anticipated that it would be named in her

14  suit.  However, Holowecki makes clear that the statute requires that an aggrieved individual file a

15  charge before filing suit.  Id. at 403-404.  The statute does not condition an individual's right to sue

16  upon the agency taking any action.  Id.  The fact that Weyerhaeuser was not informed by the EEOC

17  of the charges and that it did not take part in the conciliation process does not prevent Plaintiff's

18  action.  Her statement that Weyerhaeuser should be held liable for the acts of discrimination is

19  enough to satisfy the statutory requirement.  Accordingly, Weyerhaeuser's motion to dismiss is

20  denied.

21  ////

22  ////

23  ////

24  ////

25  ////

26  ////

**IV.  Conclusion**

Accordingly, IT IS HEREBY ORDERED that Defendant Weyerhaeuser Company's Motion to Dismiss (#22) is **DENIED**.

DATED this 19th day of March 2012.

_____
Kent J. Dawson
United States District Judge